UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY C. BURCHFIELD,<br><br>                  Plaintiff,<br><br>        v.<br><br>ALIBABA GROUP HOLDING LIMITED, et al.,<br><br>                  Defendants. | Case No. 22-cv-02925-HSG<br><br>**ORDER DISMISSING CASE**<br><br>Re: Dkt. No. 18 |

On May 17, 2022, Plaintiff Bradley C. Burchfield filed this civil action and an application to proceed *in forma pauperis*. *See* Dkt. Nos. 1, 2. On June 15, Magistrate Judge Kandis Westmore granted Plaintiff's application to proceed *in forma pauperis*. Dkt. No. 11. However, in screening the complaint under 28 U.S.C. § 1915, Judge Westmore found that Plaintiff's allegations were insufficient to state a Racketeer Influenced and Corrupt Organizations Act ("RICO") or false advertising claim. *Id.* at 2–3. Judge Westmore therefore dismissed Plaintiff's case for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Plaintiff was nevertheless given an opportunity to file an amended complaint by August 31, 2022. *Id.* at 3.

Plaintiff also filed a motion for temporary injunction. *See* Dkt. No. 6. The Court denied the motion without prejudice to refiling after Plaintiff filed an amended complaint. *See* Dkt. No. 15. In doing so, the Court cautioned Plaintiff that if the amended complaint failed to cure all the defects identified in the prior order, *see* Dkt. No. 11, the complaint could be dismissed in its entirety without further leave to amend. *See* Dkt. No. 15 at 2.

Plaintiff filed a timely amended complaint. *See* Dkt. No. 18 ("FAC"). However, the Court

finds that it still does not cure the deficiencies previously identified. According to the FAC, Defendants are involved in a criminal enterprise to sell methamphetamine on Alibaba.com. *See id.* Plaintiff inadvertently purchased the product for use as a "rust inhibitor" and "acrylic nail resin," but it did not work as advertised. *Id.* Instead, it corroded electrical components and his truck, and Plaintiff was arrested for possession of methamphetamine. *Id.* Plaintiff asserts that at some point he received a threatening message referring to Alibaba.com, and believes it was sent by an associate of the Sinaloa Cartel. Plaintiff also suggests that employees of the United States Drug Enforcement Administration ("DEA") were involved by providing false or misleading information on the DEA website. *Id.* Critically, Plaintiff fails to explain with sufficient detail how each Defendant was involved in this alleged conduct or what the connection is among Defendants. *See* Dkt. No. 11 at 3. Plaintiff offers conclusory allegations, but few facts to support his contentions.

Plaintiff has had an opportunity to amend his complaint, and the Court is now convinced that he cannot allege facts to cure the defects identified in the Court's previous order. *See* Dkt. No. 11. The Court thus concludes that granting Plaintiff further leave to amend would be futile. *See Ramirez v. Galaz*a, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotations omitted); *see also Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."). The Court therefore **DISMISSES** the case without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (quotation omitted)).

//
//
//

The Clerk is directed to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated:  12/9/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3